[629 NYS2d 70]

In the Matter of SANDRA ROPER (Admitted as SANDRA ELENA ROPER), an Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE SECOND AND ELEVENTH JUDICIAL DISTRICTS, Petitioner.

Second Department, July 3, 1995

**APPEARANCES OF COUNSEL**

*Robert H. Straus,* Brooklyn *(Robert B. Saltzman* of counsel), for petitioner.

*Leon A. Milman,* Brooklyn, for respondent.

**OPINION OF THE COURT**

Per Curiam.

The respondent was admitted to practice by this Court on March 16, 1988.

In this proceeding, the respondent was charged with nine allegations of professional misconduct, emanating from a single attorney-client relationship. The Special Referee sustained all nine charges. The Grievance Committee moves to confirm the report of the Special Referee. The respondent cross-moves to "confirm the findings of the Special Referee of mitigating circumstances".

Charge One alleged that the respondent improperly converted client funds entrusted to her in violation of Code of Professional Responsibility DR 1-102 (A) (4) (22 NYCRR 1200.3).

Charge Two alleged that the respondent improperly commingled client funds entrusted to her with personal or business funds, in violation of Code of Professional Responsibility DR 9-102 (22 NYCRR 1200.46).

Charge Three alleged that the respondent improperly and without authorization endorsed her client's name to a settlement draft in violation of Code of Professional Responsibility DR 1-102 (A) (4) (22 NYCRR 1200.3).

Charge Four alleged that the respondent entered into an agreement to charge and collect an excessive and illegal fee in violation of Code of Professional Responsibility DR 2-106 (22 NYCRR 1200.11) and Rules of the Appellate Division, Second Department (22 NYCRR) § 691.20 (e).

Charge Five alleged that the respondent represented a client under circumstances where her professional judgment was affected by her own financial, property and personal interests, in violation of DR 5-101 (A) (22 NYCRR 1200.20).

Charge Six alleged that the respondent failed to file timely retainer and closing statements with the Office of Court Administration in violation of Rules of the Appellate Division, Second Department (22 NYCRR) § 691.20 (a), (b).

Charge Seven alleged that the respondent took improper and excessive disbursements from her client's share of per-

sonal injury proceeds, in violation of Rules of the Appellate Division, Second Department (22 NYCRR) § 691.20.

Charge Eight alleged that the respondent failed to promptly pay or deliver to her client funds he was entitled to receive, in violation of Code of Professional Responsibility DR 9-102 (C) (4) (22 NYCRR 1200.46).

Charge Nine alleged that the respondent engaged in conduct adversely reflecting upon her fitness to practice law, in violation of Code of Professional Responsibility DR 1-102 (A) (7) (now [8]) (22 NYCRR 1200.3).

Based on the evidence adduced, we find that the Special Referee properly sustained all nine charges. Accordingly, the petitioner's motion is granted and the cross motion, seeking to confirm the finding of mitigation, is granted.

In determining an appropriate measure of discipline to impose, we have considered the fact that all nine charges arose from the respondent's representation of one client. In addition, the respondent was personally involved with this client before she undertook to represent him in a personal injury action, and it is undisputed that by the time the personal injury action was settled, the respondent's client owed her thousands of dollars. While this fact does not give the respondent license to attempt to protect herself by acting in contravention of the Code of Professional Responsibility, we do consider in mitigation the unique circumstances commensurate with the respondent's representation. We also acknowledge the respondent's outstanding history of community service, the numerous character references and the respondent's lack of prior discipline.

Under the circumstances, the respondent is censured for her professional misconduct.

MANGANO, P. J., BRACKEN, SULLIVAN, BALLETTA and PIZZUTO, JJ., concur.

Ordered that the petitioner's motion to confirm the report of the Special Referee is granted; and it is further,

Ordered that the respondent's motion to confirm the report of the Special Referee with respect to the mitigation is granted; and it is further,

Ordered that the respondent is censured.